[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
FACTUAL BACKGROUND
The plaintiff, Union Trust Company, filed a three-count complaint dated January 30, 1992 against the defendant, Robert Ginsburg. The plaintiff alleges that it issued three demand time loan notes to the defendant, in which the defendant promised to pay $150,000 plus interest on each note. The first count is directed to the note dated April 21, 1989. The second count is directed to the note dated May 10, 1989. The third count is directed to the note dated January 8, 1990. The plaintiff alleges in all three counts that it demanded payment from the defendant and that the defendant refused to pay the amounts due.
The defendant filed an answer and special defenses on June 1, 1992. In his answer, the defendant admits to receiving the notes and admits that the plaintiff has made a demand for payment. The defendant denies that he refused to pay the notes. In his first special defense, the defendant alleges that the plaintiff's actions were not in good faith in violation of General Statutes 42a-1-201
(19) and 42a-1-203. In his second special defense, the defendant alleges that the plaintiff's actions were unconscionable in violation of General Statutes 42a-2-203. CT Page 2169
On October 12, 1993, the plaintiff moved for summary judgment on the ground that there are no genuine issues of material fact as to the defendant's liability on the notes. Pursuant to Practice Book 380, the plaintiff filed a memorandum in support of the motion. The plaintiff attached the affidavit of Mark Troidle, a Loan Account Officer, copies of the notes, and copies of the plaintiff's request for admissions. The defendant has timely filed a memorandum in opposition to the motion. The defendant attached his affidavit and copies of the security agreements on the notes.
DISCUSSION
The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). Summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connelly v. Housing Authority, 213 Conn. 354, 364, 567 A.2d 1212 (1990).
After the "moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." (Citation omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578-79, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984).
In the present case, the plaintiff moves for summary judgment on the ground that there are no genuine issues of fact as to the defendant's liability on the three notes. The plaintiff argues that since the defendant has admitted to executing the three notes and to receiving the plaintiff's demand for payment on the notes, there are no issues of material fact.
The defendant argues that genuine issues of material fact exist as to his liability on the notes. The defendant denies that he neglected or failed to pay amounts currently due on the notes. The defendant alleges in his affidavit that the April 29, 1989 note CT Page 2170 has been materially altered in ways concerning the acceleration clause, attorney's fees, and collateral. The defendant argues that the alterations create a question of fact as to the security agreement between the plaintiff and the defendant. Furthermore, the defendant alleges in his affidavit that the plaintiff did not act in good faith in refusing to allow the defendant to refinance his interest in certain real estate in order to pay off the notes.
Viewing the evidence in the light most favorable to the defendant, there are genuine issues of material fact as to the content of the security agreement between the plaintiff and the defendant. Since the defendant has denied liability on the notes and has alleged that the security agreement was altered, there are genuine issues of fact regarding the extent of the defendant's liability and, therefore, the plaintiff's motion must be denied.
CONCLUSION
Based on the foregoing, the plaintiff's Motion For Summary Judgment is denied.
So ordered.
Michael Hartmere, Judge